Chas. Olson & Sons, Incorporated v. Commissioner.
Chas. Olson & Sons v. Commissioner
Docket No. 109980.
United States Tax Court
1942 Tax Ct. Memo LEXIS 92; 1 T.C.M. (CCH) 78; T.C.M. (RIA) 42594; November 10, 1942
*92 Charles H. Davis, Esq., 539 Plymouth Bldg., Minneapolis, Minn., for the petitioner. S. U. Hiken, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, J.: Pespondent determined deficiencies in income taxes for the years 1937, 1938 and 1939 in the respective amounts of $866.18, $519.63 and $535.85, and a deficiency in excess profits tax for 1939 of $115.10. The only error alleged or question raised arises from the disallowance of deductions claimed as interest paid on corporate debentures. [The Facts] The facts are as follows: The petitioner, a corporation organized in 1930 under the laws of the State of Minnesota, filed its Federal income tax returns for the years 1937, 1938 and 1939 with the collector of Internal Revenue at St. Paul, Minnesota. Since the date of its organization the petitioner's authorized capital stock has consisted of 2,000 shares of stock having a par value of $100 per share. From its organization date until some time subsequent to December 1, 1936, its issued and outstanding stock consisted of 400 shares, held as follows: Charles Olson
200 shares
Buford W. Olson
100 shares
Stanley C. Olson
100 shares
Charles Olson, who died *93 August 10, 1938, was the father of Buford W. and Stanley C. Olson. On December 1, 1936, at a special meeting of the petitioner's stockholders, the petitioner's directors were authorized to purchase from Charles Olson and Ida Olson, his wife, certain real estate "upon such terms and upon such conditions as would seem to the directors reasonable and just." At said special stockholders' meeting the petitioner's directors were also authorized to "* * * issue, or cause to be issued, interest-bearing debentures * * * to the stockholders * * * who would surrender shares of common stock * * * the terms conditions, interest rate and amount of said debentures to be determined by the said board of directors." On the same date, i.e., December 1, 1936, the petitioner's board of directors, which consisted of all of its stockholders resolved to purchase the aforementioned real estate from Charles and Ida Olson for 120 shares of petitioner's common stock, and further resolved that: NOW THEREFORE, on motion be it hereby resolved that the proper officers of this corporation are hereby authorized to issue debentures of this company to the stockholders surrendering shares of common stock of this corporation *94 to this corporation. That the stockholders of this corporation surrendering common stock to it, shall be given therefor debentures of this corporation in an amount equal to the par value of such stock. The debentures to be issued shall contain the terms and conditions and be in the following form: Chas. Olson & Sons, Inc., a Minnesota Corporation (hereinafter called the "company") for value received, hereby promises to pay to… or order, on the 1st day of January, 1947 (unless this debenture shall have been sooner redeemed or retired) the sum of ($ ….) Dollars, in legal currency of the United States of America and to pay interest thereon from Jan. 1, 1937, at the rate of 8% per annum, such interest to be payable in like legal currency, on the 1st day of July and the 1st day of January in each year. Both principal and interest of this debenture shall be payable at the office of the company at Minneapolis, Minnesota, and in the event of the termination of the corporate existence of this company, the principal of this debenture shall become due and payable. The right is hereby reserved to the Company at any time, upon giving thirty days' notice in writing of its intention *95 to do so, to redeem any or all of said 8% debentures, at such time outstanding, by the payment of the par value thereof plus accrued interest to the date of such redemption. This debenture is issued under and pursuant to a resolution of the board of directors of the company dated Dec. 1, 1936, subject to the provisions of said resolution, and the indebtedness evidenced by this certificate will be junior in case of liquidation or bankruptcy of the company to bank indebtedness and operating indebtedness of the company. This debenture is transferable only on the books of the company in person or by duly authorized attorney upon the surrender of this debenture properly endorsed. In Testimony Whereof, Chas. Olson & Sons, Inc. has caused this instrument to be signed by its President or Vice-President, attested by its Secretary, and its corporate seal hereunto attached, all as of the 1st day of January, 1937. Pursuant to this resolution 120 shares of petitioner's stock were issued to Charles and Ida Olson on December 15, 1936, for real estate transferred by them to the petitioner. Thereafter, and until January 2, 1937, petitioner's issued and outstanding stock consisted of 520 shares, *96 held as follows: Charles Olson
200 shares
Buford W. Olson
100 shares
Stanley C. Olson
100 shares
Charles and Ida Olson
120 shares
On January 2, 1937, pursuant to the aforesaid resolutions, in so far as they dealt with the issuance of debentures, the following occurred: 1. Five hundred and five shares of petitioner's stock were surrendered from shares previously held, as follows: Certifi-
No. of
Stockholder
cate No.
Shares
Charles Olson
1
193
Buford W. Olson
2
96
Stanley C. Olson
3
96
Charles and Ida Olson
4
120
2. The seven unsurrendered shares from Certificate No. 1 were reissued to "Chas. Olson, B. W. Olson and S. C. Olson, as Joint Tenants". 3. The four unsurrendered shares from Certificate No. 2 were reissued to Buford W. Olson. 4. The four unsurrendered shares from Certificate No. 3 were reissued to Stanley C. Olson. 5. Debenture notes of the face value of $56,500 were issued as follows: Payee
Amount
Buford W. Olson
$ 9,500
S. C.Olson
9,500
Chas. Olson, Buford Olson, and
Stanley C. Olson, as Joint
Tenants with right of survi-
vorship and not as tenants in
common
37,500
Inasmuch as the debentures were issued for *97 petitioner's capital stock "in an amount equal to the par value of such stock", and $6,000 face value of debentures were issued in payment of an indebtedness due Charles Olson, the aforesaid debenture note in the amount of $37,500 represented $6,000 of indebtedness due Charles Olson, 193 of the 200 shares of petitioner's stock previously in the name of Charles Olson ($19,300), 120 shares of petitioner's stock previously in the names of Charles and Ida Olson ($12,000) one share of the 100 shares of petitioner's stock previously in the name of Buford W. Olson ( $100) and one share of the 100 shares of petitioner's stock previously in the name of Stanley C. Olson ( $100). Immediately following the transactions of January 2, 1937, the petitioner had outstanding 15 shares of capital stock having a par value of $1,500 and debenture notes issued as above indicated, having a face value of $56,500. Shortly after January 4, 1940, pursuant to a resolution adopted by the petitioner's board of directors on that date, new debentures were issued to replace those issued on January 2, 1937. The new debentures were identical with the old ones except that the new ones were made to mature serially *98 and annually from January 1, 1944 to January 1, 1958. In its Federal income tax return for each of the years 1937 to 1939, inclusive, the petitioner claimed a deduction of $4,520 as interest paid on the debenture notes then outstanding. The deductions were disallowed in the notice of deficiency as not constituting interest on indebtedness under the provisions of section 23(b) of the Revenue Acts of 1936 and 1938 and the Internal Revenue Code. Petitioner's capital stock at the end of each of the years 1937, 1938 and 1939 was stated in the balance sheets on petitioner's income tax returns for said years, as follows: Capital Stock
1937
1938
1939
Preferred stock de-
bentures
$56,500
$56,500
none
Common stock
1,500
1,500
$58,000
$58,000
$58,000
$58,000 None of the debentures on account of which interest is claimed as a deduction is listed among the petitioner's liabilities in the balance sheets. In petitioner's capital stock tax returns for each of the years ended June 30, 1938 and 1939 the petitioner's outstanding capital stock was stated to be as follows: Capital stock: Preferred debentures
$56,500
Common
1,500
The petitioner, with a deficit *99 in earned surplus as of December 31, 1935, distributed $12,000 in dividends in 1936 although its earnings and profits for that year were less than that amount. Respondent, on brief, concedes that petitioner is entitled to deductions for interest paid each year in the amount of $480 on $6,000 of the debentures, i.e., those issued for property received. He contends as to the remainder that they merely represent money invested in the business and that the payments were, therefore, dividends. [Opinion] The sole issue presents the question whether the payments made to the holders of the debentures were interest or dividends. Many cases involving the present question have been before the Board of Tax Appeals and the courts. From these cases certain conclusions have emerged. Each case depends on its facts and no single fact is conclusive. The evidence must be weighed to determine which way it preponderates, - whether to stock ownership or to a relation of debtor and creditor. Among the determining characteristics are: - The name given to the certificates, the intent of the maker, the presence or absence of a maturity date, the source of the payments, the right to enforce payment *100 of principal and interest, and the right by voting to participate in the management of the corporation. Testing each of these characteristics by the present facts, we come to the conclusion that petitioner should prevail. The resolution under which the securities were issued authorizes "interest-bearing debentures." The security itself bears the name "Eight per cent Ten Year Debentures" and in the body it provides "to pay interest thereon from January 1, 1937 at the rate of 8% per annum, such interest to be payable," etc. The debentures were due and payable on the first day of January 1947. The source from from which the interest was payable was not limited to current earnings or in any other manner. For aught that appears in the debenture, payment of the principal and interest could be enforced by general action against the corporation. The debenture conferred no right in any eventuality to participate in the management of the corporation even in case of default. Tending to support respondent's position is the treatment of the debentures by petitioner's accountant in preparing the balance sheets in connection with its tax returns, in which the securities are referred to as "preferred *101 stock debentures." The record shows that the preparation of the returns was left entirely to the accountant without supervision and that petitioner signed them without reading. It is not a little difficult to escape the conclusion that by his concession that petitioner is entitled to a deduction of interest paid on the debentures issued in payment for property respondent has conceded his whole case. The debentures so issued for property were identical with those issued for stock and gave the holders no greater rights in the company. In view of this concession it would seem that respondent's chief objection is the fact that petitioner's stockholders exchanged common stock for the debentures. This situation obtained in ; coupled with the further fact that in that case the securities were officially denominated as "debenture preferred stock." Nevertheless, on all the facts it was held that the ruling of the Board of Tax Appeals that the interest was deductible was correct. If the transaction is bona fide, and here we have no reason to doubt it, there is no compelling force in the above fact. A person *102 may have wholly adequate reasons for preferring the debtor-creditor status of the debenture-holder to that of a common stockholder. The two relationships are basically dissimilar. We are of the opinion that the facts before us strongly preponderate to the support of the petitioner and that the respondent was in error in disallowing the deduction of the interest paid on the debentures. The payments were not dividends. See ,, affirming , certiorari denied, ; , . Decision will be entered under Rule 50.